# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ALLSTATE PROPERTY AND )
CASUALTY INSURANCE COMPANY,)
)
    Plaintiff, )
)
    v. )       C.A. No. N19C-04-098 JRJ
)
GEORGE VICKERS, )
IMAN GOLDSBOROUGH, individually )
and as parent/next friend of )
E.K., a minor, )
)
    Defendants. )

## ORDER

**AND NOW TO WIT,** this 23rd day of July, 2020, upon consideration of the

Allstate Property and Casualty Insurance Company's ("Allstate") Motion for

Default Judgment Against Defendants Iman Goldsborough and Ena Knotts, **IT**

**APPEARS THAT**:

1.    On April 10, 2019, Allstate filed its Complaint for Declaratory

Judgment.[1]

2.    After unsuccessful attempts at serving Defendants Goldsborough and

Knotts through the New Castle County Sheriff's Office, the Court granted Plaintiff's

---

[1] Compl. (Trans. ID. 63151084).

Motion to Appoint Special Process Server to serve Goldsborough and Knotts the summons and the Complaint in accordance with Superior Court Civil Rule 4(d)(1).[2]

3. Thereafter, on January 21, 2020, Plaintiff filed an Amended Complaint for Declaratory Judgment.[3]

4. On February 2, 2020, the Special Process Server served Goldsborough and Knotts copies of the summons and Complaint.[4] Goldsborough's and Knotts' responses to the Complaint were due February 22, 2020.[5]

5. On March 18, 2020, after Goldsborough and Knotts failed to respond to the Complaint, Allstate filed this Motion for Default Judgment, asking the Court to enter a declaratory judgment against Goldsborough and Knotts.[6]

6. Pursuant to Superior Court Civil Rule 55(b), the Court may enter default judgment "when a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by the Rules . . . ."

7. Goldsborough and Knotts were required to respond to Allstate's Complaint for Declaratory Relief by February 22, 2020 pursuant to Superior Court

---

[2] Jan. 8, 2020 Order (Trans. ID. 64595826).
[3] Amend. Compl. (Trans. ID. 64638771).
[4] Return of Service – Iman Goldsborough (Trans. ID. 64706046); Return of Service – Ena Knotts (Trans. ID. 64813703).
[5] *See* Super. Ct. Civ. R. 12(a) ("A defendant shall serve an answer within 20 days after service of process, complaint and affidavit . . . .").
[6] Mot. Default J. (Trans. ID. 64841442).

Civil Rule 12(a). Given that both Goldsborough and Knotts failed to respond in accordance with Rule 12(a), Allstate is entitled to default judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Allstate Property and Casualty Insurance Company's Motion for Default Judgment Against Defendants Iman Goldsborough and Ena Knotts is **GRANTED** and a declaratory judgment is entered against Defendants Iman Goldsborough and Ena Knotts, pursuant to Superior Court Civil Rule 55(b)(2), declaring that:

a. Defendant George Vickers was not the legal owner of the 2013 Nissan Sentra VIN 3N1CN7AP2DL834740 ("Nissan Sentra") at the time of the December 26, 2018 motor vehicle accident;

b. Defendant George Vickers had no insurable interest in the Nissan Sentra at the time of the December 26, 2018 motor vehicle accident;

c. Under 18 *Del. C.* § 2706, Allstate no longer insured the Nissan Sentra after the transfer of title of the Nissan Sentra from Defendant George Vickers to Defendant Goldsbourgh;

d. Allstate provides no third-party coverage on the Nissan Sentra as to Defendants Goldsbourgh and Knotts and has no obligation to defend or indemnify Goldsbourgh or Knotts;

e. Allstate provides no first-party coverage on the Nissan Sentra as to Defendants Goldsbourgh and Knotts and has no obligation to provide any first-party

3

coverage as to Defendants Goldsbourgh and Knotts, including but not limited to claims for: property damage, no fault, or uninsured/underinsured motorist coverage.

**IT IS SO ORDERED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

cc: Prothonotary